IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

ANNA E. BEYER,

                Plaintiff,

Vs.                                                          No. 17-2689-SAC

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

MEMORANDUM AND ORDER

On September 11, 2018, this court issued a memorandum and order reversing the Commissioner's decision and remanding the case for further administrative proceedings consistent with the memorandum and order. ECF# 10. On October 30, 2018, this court filed an agreed order approving attorney's fees of $6,500.00 under the Equal Access to Justice Act ("EAJA"), for the court-related representation of the plaintiff in the Social Security appeal. ECF# 14.

The plaintiff received from the administrative law judge a fully favorable decision dated August 28, 2019. ECF# 15-1, p. 1. From the total past due benefits, the Commissioner withheld 25% or $13,814.35 to pay attorney's fees. ECF# 15-1, p. 7. From that sum, the Commissioner has awarded $6,500.00 for services provided in proceedings before the Social

1

Security Administration. ECF# 15-1, p. 9. The balance is being held by the Commissioner for the payment of attorney fees incurred on appeal. The plaintiff's counsel has filed a motion for attorney fees pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF# 15. The Commissioner has filed a response indicating no objection to this motion. ECF# 16.

Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the past due benefits." This provision allows the court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008). Where plaintiff has agreed to a contingency fee arrangement, the court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002).

The plaintiff and her attorney entered into a contingent fee agreement whereby plaintiff agreed to pay her attorney 25% of her retroactive disability benefits if she received an award of benefits. ECF# 15, ¶ 8. The plaintiff's attorney seeks as fees the entire amount withheld, that is, the balance still held by the Commissioner or $7,314.25. After deducting

the EAJA award of $6,500 to be refunded to the claimant, the plaintiff's attorney will net $7,314.25. The plaintiff's attorney in her motion states she has expended 21.3 hours of billed work at the judicial level which yields an effective hourly rate of $343.39. ECF# 15, ¶ 13. The court has reviewed the attorney's supporting documents and believes the 21.3 hours largely represents work done at the administrative level. ECF# 15-1, pp. 12-14. The plaintiff attorney's work done at the judicial level, however, is evidenced by her EAJA Exhibit A or 35.5 hours. ECF# 13-2, p. 2. Consequently, the court calculates an effective hourly rate by dividing $7,314.25 by 35.5 hours for a result of $206. As summarized in its recent prior decisions, this effective hourly rate is well within the range of rates found reasonable by this court. *See Williams v. Berryhill*, No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. Jul. 27, 2018); *Boyer v. Berryhill*, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. Jun. 12, 2018).

Upon review of the *Gisbrecht* factors, the court concludes that the 25% fee award is a reasonable result here. The plaintiff's attorney provided skillful representation, achieved an excellent result for her client, and was not responsible for delay in the litigation. Additionally, the effective hourly rate is within the range of hourly fees that have been approved as reasonable by this court for similar work.

IT IS THEREFORE ORDERED that the motion by the plaintiff's

3

attorney for an award of attorney fees under 42 U.S.C. § 406(b) (ECF# 15) is granted. The plaintiff's attorney is entitled to receive $7,314.25 under § 406(b). The Commissioner shall pay these fees from the amount withheld from plaintiff's past due benefits.

IT IS FURTHER ORDERED that the plaintiff's attorney shall refund to the plaintiff $6,500.00, which she received as fees under the EAJA after the plaintiff's attorney receives her $7,314.25 in attorney fees from the Commissioner.

Dated this  21st day of August, 2020, Topeka, Kansas.


 /s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge